UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | CASE NO. 3:23-cv-00007 |
| *Plaintiff*, | MEMORANDUM OPINION & ORDER |
| v. | |
| JUDITH HIGHTOWER, *et al.*, | JUDGE NORMAN K. MOON |
| *Defendants*. | |

This matter is before the Court on the Motion for Default Judgment as to Judith Hightower filed by Defendants Brenda K. Walston, Jeannie W. Duncan, Diane Walston, and Robert Earl Walston. Dkt. 16. The underlying interpleader action was filed by Unum Life Insurance Company of America. Dkt. 1.

"Rule 55 of the Federal Rules of Civil Procedure authorizes the entry of a default judgment when a defendant fails to plead or otherwise defend in accordance with the Rules." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) (quotations omitted). The Clerk of Court's interlocutory "entry of default" pursuant to Fed. R. Civ. P. 55(a) provides notice to the defaulting party prior to the entry of default judgment by the court. *Carbon Fuel Co. v. USX Corp.*, 153 F.3d 719 (Table), 1998 WL 480809, at *2 (4th Cir. Aug. 6, 1998). After the entry of default, the non-defaulting party may move the court for "default judgment" under Fed. R. Civ. P. 55(b). Rule 55(b)(1) states that, "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has

defaulted for not appearance and who is neither a minor nor an incompetent person." Rule 55(b)(2) states, in relevant part, that "[i]n all other cases, the party must apply to the court for a default judgment."

After a default has been entered, Rule 55(b)(2) authorizes the Court to enter a default judgment against the defaulting party. In the context of an interpleader action, the defaulting party forfeits any claim of entitlement that she might otherwise have asserted. *Nationwide Mut. Fire Ins. Co. v. Eason*, 736 F.2d 130, 133 n.4 (4th Cir. 1984).

The Court has examined the pleadings, the service of process, and the record in this case. Unum filed its interpleader complaint on January 30, 2023. Dkt. 1. The interpleader concerned the rights and obligations of Unum and the Defendants concerning the disbursement of benefits ($20,000) of a group life insurance policy issued by Unum.[1] *Id.* at ¶¶ 1, 11. Unum received a beneficiary designation that divided the proceeds in equal shares among Defendants Brenda K. Walston, Jeannie W. Duncan, Diane Walston and Robert Earl Walston. *Id.* ¶ 15. Ms. Hightower disputed the validity of the beneficiary designation and maintained that the $20,000 should be divided in equal shares among her and the other Defendants. *Id.* ¶ 16.

On February 1, 2023, Unum filed a Motion for Leave to Deposit Admitted Liability. Dkt. 4. The Court granted the motion on February 17, accepted the deposit of the $20,000 into the Registry of the Court, and terminated Unum from this action. Dkt. 5.

Judith Hightower, by counsel, waived service on June 1, 2023, and had a responsive pleading deadline of June 30, 2023. Dkt. 14. Ms. Hightower has not filed any responsive pleadings. Brenda Walston filed a Motion for Entry of Default as to Ms. Hightower on November 6, 2023. Dkt. 17. The Clerk's Entry of Default was docketed on November 13.

---

[1] The Court has jurisdiction in this action because the policy was issued under ERISA, 28 U.S.C. 1001 *et seq.*

Dkt. 19. To date, Ms. Hightower has not appeared, answered the complaint, or otherwise defended this action. Therefore, she is in default.

Defendants Brenda K. Walston, Jeannie W. Duncan, Diane Walston, and Robert Earl Walston move for default judgment against Ms. Hightower, and request payment of the funds Unum deposited with the Court, along with any interest that may have accrued since the time of deposit, to them in equal shares. Dkt. 16 at 1, 4.

Given Ms. Hightower's failure to respond, the count finds that entry of default judgment is appropriate under Fed. R. Civ. P. 55(b)(2).

Accordingly, the Court **GRANTS** the Motion for Default Judgment as to Judith Hightower, Dkt. 16, and **ORDERS** that the funds Unum deposited with the Court, along with any accrued interest, be disbursed to Brenda K. Walston, Jeannie W. Duncan, Diane Walston, and Robert Earl Walston in equal shares.

The Clerk is also directed to strike this case from the Court's active docket.

It is so **ORDERED**.

The Clerk of Court is directed to deliver a copy of this Order to all counsel of record.

Entered this 7th day of December, 2023.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE